## SUPERIOR COURT

Rosa David
vs.
Moses David
Alias Max David

Div.No.2272

### RESCRIPT
January 21, 1925

BLODGETT, J. This is a petition for divorce from bed and board and for separate maintenance, alleging neglect to provide, adultery and gross misbehavior on part of respondent.

Without going into details the record broadly shows the parties were married; that they have not lived together as man and wife for some 24 years; that they separated at Suchaw, Austria; that respondent came to the United States and has lived in Newport since that separation and carried on the junk business; that up to the time of filing of this petition and since leaving Austria, he has done nothing for her support; that at the time of leaving Austria some arrangement for a separation was entered into, not clearly understandable by the court, and a sum of money turned over to petitioner by the respondent; that at some time after coming to this country respondent lived with a woman in Newport and that a child was born there, acknowledged by respondent to be his child; and further that respondent has lived and carried on business in Newport for some 24 years and that petitioner, after a long separation, came to this country and lived at Boston with her son at the time of filing the petition.

After motion to dismiss the petition for lack of jurisdiction was denied, testimony was taken which in a general way disclosed the above facts.

A period of more than one year has elapsed since the hearing upon this petition in the hope on the part of the court, giving respondent the benefit of a reasonable doubt as to the

illegality of his living with another woman as his wife, that the parties might in some manner resume marital relations.

There is no doubt in the mind of the court, however, that upon the record disclosed petitioner is entitled to a decision in her favor.

Upon the question of support, the testimony is not clear as to the actual financial condition of the respondent. At one period an agreement was entered into by which petitioner was allowed twenty dollars a week for temporary support. Since that time respondent claims that the condition of his business is such, and the market value of real estate in Newport so uncertain, that he is unable to pay this amount. From the testimony the court is unable to reach a conclusion satisfactory to the court as to what the actual financial condition of respondent is, but it does appear that these payments of twenty dollars each week have in some way been maintained, and respondent has not as yet gone into bankruptcy.

Petition granted and order may be entered for the payment of twenty dollars each week for support of petitioner until further order.